[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR RECONSIDERATION
On July 13, 2000, this court granted the motion for summary judgment filed by the defendants, George and Anne Marie Leaska, with respect to count two and count three of the plaintiffs third amended complaint. On July 25, 2000, the plaintiff, Candlewood Village Condominium Corporation (Candlewood) filed a motion to reconsider the grant of summary judgment.
Specifically, with respect to count two, fraudulent concealment, Candlewood argues that paragraph ten of the second count of its third CT Page 11325 amended complaint alleges: "The individual Defendants breached their duties of care and loyalty to the Plaintiff in one or more of the following ways: . . . e. By fraudulently concealing the causes of action for breach of contract and breach of warranty against the Leaska Condominium Corporation from the Executive Board." Thus, Candlewood concludes that it has alleged fraudulent concealment.
To defeat a motion for summary judgment, however, "the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation.Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotations marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202, 663 A.2d 1001 (1995).
Upon reconsideration, the court concludes that despite requests from this court for Candlewood to proffer some evidence supporting it s claim that there is a genuine issue of material fact, Candlewood presented no evidence from which it could be inferred that the Leaskas misrepresented the facts with the intent necessary to constitute fraudulent concealment. See Connell v. Colwell, 214 Conn. 242, 251-52, 571 A.2d 116
(1990); Lunn v. Cummings Lockwood, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545564 (June 5, 1998,Teller, J.). Candlewood's fraudulent concealment claim is insufficient as a matter of law and, thus, the statute of limitations governing this action is not tolled. Accordingly, the court reaffirms the granting of the defendants' motion for summary judgment with respect to count two.
Candlewood also asks this court to reconsider its grant of summary judgment with respect to count three, breach of warranty under the Common Interest Ownership Act (CIOA), General Statutes §§ 47-274 and 47-275, as it alleges that the court completely ignored the holding of WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 717 A.2d 77 (1998). Candlewood misinterprets Willow Springs
as standing for the proposition that "[a]s long as the Declarant or an affiliated dealer owns at least six units, the statute of limitations on a cause of action for breach of warranty regarding common elements does not begin to run." (Plaintiffs Motion For Reconsideration, July 24, 2000).
Contrary to Candlewood's assertion, this court carefully considered the CIOA issue presented in Willow Springs wherein the court held that the definition of purchaser contained in § 47-202 (25) applied to the CT Page 11326 accrual provision for common elements contained in § 47-277 (b)(2).Id., 25. Section 47-202 (25) provides in relevant part: "Purchaser means a person, other than a declarant or a dealer. . . ." A dealer is "a person who owns either six or more units . . . Section 47-202 (11). Section 47-277 (b) provides in relevant part that "a cause of action for breach of warranty of quality, regardless of the purchaser's or association's lack of knowledge of the breach, accrues: . . . (2) as to each common element, at the time the common element is completed and first used by a bona fide purchaser."
In Willow Springs, the defendant, Seventh BRT Development Corporation, argued that "the last of the units was sold to a purchaser when, in 1987, it transferred ninety-two units to BRT Property Group, and that this action, which was filed more than three years later, in 1993, is therefore time barred." (Emphasis added.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., supra, 245 Conn. 25. Our supreme court held that the trial court correctly instructed "the jury that the claim for the chimneys, decks, roofs and vents in the units soldto BRT Property Group in 1987 would not be barred by the statute of limitations if the jury determined that BRT Property Group owned six or more units, because BRT Property Group would then not be considered a `purchaser' under the CIOA. The court reasoned that, because the claims do not accrue under the CIOA until the unit is sold to a "purchaser,' the breach of warranty claims would not accrue when the ninety-two units were sold to BRT Property Group [a dealer] but would instead begin to run whenBRT sold the units to individual buyers." (Emphasis added.) Id., 25-26.
In accordance with the holding of Willow Springs, the statute of limitations with respect to the claims made in the present case began to run "when a unit for whose use that element is allocated is first sold to a bona fide purchaser." Id., 31 n. 26. The common element at issue in this case is the foundation of Building Six. Candlewood judicially admits that "Building Number 6 within the condominium was completed on or about September 1987, and was first used by a bona fide purchaser on or about October 1987." (Third Amended Complaint, Count Three, ¶ 6.) Moreover, the affidavit of William J. LaMontagne, the owner of Unit 65 in Building Six, is consistent with this admission as it states in "October 1987, shortly after my wife and I purchased 65 Candlewood Circle . . . we observed a crack in the west foundation wall." (LaMontagne Affidavit, February 10, 2000, ¶ 2). Thus, there is no genuine issue of material fact that Unit 65 is a unit for whose use the foundation of Building Six is allocated. There is also no dispute that it was first used by a bona fide purchaser on or about October 1987." (Third Amended Complaint, Count Three, ¶ 6.) Therefore, pursuant to 47-277 (b)(2), and in accordance the holding of Willow Springs, the statute of limitations with respect to claims made in the present case regarding the common element at issue CT Page 11327 began to run when the common element was completed and first used by a bona fide purchaser, in this case, on or about October 1987. (Third Amended Complaint, Count Three, ¶ 6.)
Finally, the breach of warranty claims at issue in Willow Springs were for chimneys, decks, roofs and vents in units purchased by BRT Property Group and then sold to individual purchasers within three years prior to the commencement of the action. There is no allegation or evidence in the present case that Annemarie Leaska, as a dealer, purchased any units in Building Number 6, thus preventing the statute of limitation for claims made regarding common elements for the use of these units from running until the units are or were sold to individual purchasers.
Candlewood, therefore, had three years from October 1987 to bring this cause of action under § 47-277 (a) and failed to timely file its complaint. Thus, the court finds that count three is barred by the statute of limitations set forth in § 47-277. Accordingly, the court reaffirms the granting of the Leaskas' motion for summary judgment regarding count three.
Peck, J.